# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUAN HERNANDEZ,**

      Plaintiff,

      -vs-                                            Case No. 16-CV-78

**ALEX FELOMI, RN REBECCA,**
**UNKNOWN MEDICAL ADMINISTRATOR,**
**sued as KCDC Medical Personnel,**
**and UNKNOWN ADMINISTRATOR,**
**sued as ICE Administrators,**

      Defendants.

# SCREENING ORDER

The *pro se* plaintiff, who is confined at the Kenosha County Detention Center, filed a complaint alleging violations of federal law. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $34.14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To

state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v.*

*Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Complaint Allegations

According to the complaint, the plaintiff is a Mexican citizen confined at the Kenosha County Detention Center (KCDC). He is suing Alex Felomi, who works for "ICE" (Immigration and Customs Enforcement); KCDC Nurse Rebecca; Unknown KCDC Medical Personnel; and Unknown ICE Administrators.

The plaintiff alleges that on December 16, 2015, he saw the dentist at the KCDC after waiting in pain for more than forty days. Nurse Rebecca used a sharp-edged device to take x-rays, which cut the inside of the plaintiff's mouth. After viewing the x-rays, the dentist numbed his mouth and removed half of the plaintiff's tooth. The dentist told the plaintiff that he did not have the proper equipment to remove the other half, and that they would have to send him to an outside clinic. The dentist also would not install a filling on the plaintiff's upper tooth, telling the plaintiff that the filling could wait until he went home.

The plaintiff was in pain for the next fourteen days. He submitted requests and complaints about his pain and suffering. On the morning of December 30, 2015, the nurse told the plaintiff that he would not see the dentist that day because of the holidays.

On January 4, 2016, Nurse Rebecca assured the plaintiff that he would see the dentist as soon as ICE approved him. The plaintiff replied, "that ICE says that it is up to KCDC." (Dkt. No. 1-1 at 1.) Nurse Rebecca then stated that the plaintiff had been talking with the wrong person. The plaintiff asked for the person's name, and she told him it was Alex Felomi.

A few days later, the nurse told the plaintiff that defendant Felomi did not approve the plaintiff to see a dentist. The nurse also said that she would talk to Felomi, but the plaintiff has not heard anything since then.

The plaintiff claims that the dentist, Alex Felomi, Nurse Rebecca, ICE Department Personnel, and KCDC Medical Personnel have been deliberately indifferent to his serious medical needs.

The plaintiff may proceed on a claim against Alex Felomi and Nurse Rebecca. Although the plaintiff does not name the dentist as a defendant, he does name Unknown KCDC Medical Personnel, and the Court presumes that this Unknown defendant is in place of the unnamed dentist. Thus, the plaintiff may proceed against Unknown KCDC Medical Personnel, in place

of the dentist. However, the plaintiff's allegations do not implicate any Unknown ICE Department Personnel. Therefore, the Court will dismiss it as a defendant.

In sum, the Court finds that the plaintiff may proceed on the following claim: deliberate indifference to a serious medical need against Alex Felomi, Nurse Rebecca, and the dentist (sued as Unknown Medical Personnel). The plaintiff will need to use discovery to identify the name of the denied.

### Motion for Injunction

The plaintiff has filed a motion for an injunction. He states that the ICE Department has issued an order for his deportation to Mexico. The plaintiff seeks an injunction to prevent his deportation. However, the Court may only issue injunctive relief in this case related to the claim upon which he is proceeding in this case, that is, his dental claim. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)). Because the plaintiff's request for injunctive relief is not related to his underlying claim, the Court will dismiss the motion.

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for

- 6 -

leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunction (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Unknown Administrator is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from the plaintiff's prison trust account the $315.86 balance of the filing fee by collecting monthly payments from the plaintiff's prison

- 7 -

trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Kenosha County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**