**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JUAN HERNANDEZ,**

                Plaintiff,

v.                                               **Case No. 16-cv-78-pp**

**ALEX FELOMI, RN REBECCA,**
**and UNKNOWN MEDICAL ADMINISTRATOR,**

                Defendants.

---

**DECISION AND ORDER DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT FELOMI'S MOTION TO DISMISS BY OCTOBER 31, 2016, OR RISK DISMISSAL OF THE CASE FOR FAILURE TO PROSECUTE**

---

      The plaintiff, Juan Hernandez, currently resides in Mexico. When he filed this lawsuit on January 20, 2016, he was incarcerated at the Kenosha County Detention Center. Dkt. No. 1. On March 9, 2016, Judge Rudolph T. Randa granted the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) on a deliberate indifference to a serious medical need claim based on allegations that the defendants failed to provide him with proper dental care. Dkt. No. 8. On August 3, 2016, due to the unavailability of Judge Randa, this case was reassigned to Judge Pepper.

      Also on August 3, 2016, defendant Felomi filed a motion to dismiss. Dkt. No. 24.[1] Court records indicate that on August 3, 2016, counsel mailed copies of the motion and supporting brief to the plaintiff. Dkt. No. 25-3. Under the

---

[1] Defendant Alex Felomi is correctly identified as Alex Folami. Dkt. No. 25 at 1.

1

applicable procedural rules, the plaintiff should have responded to the motion on or before August 25, 2016.

One possible reason for the defendant's failure to respond is that he has been deported to Mexico. Dkt. No. 16. On May 2, 2016, the plaintiff notified the court that he had been removed to Mexico, but that he nonetheless intended to pursue this case. Id. On August 22, 2016, the plaintiff notified the court that he moved to a new address in Mexico. Dkt. No. 28.

Another reason may be some sort of personal issue. On September 19, 2016, the plaintiff's brother filed a letter, advising the court that he holds the power of attorney for his brother and that he "later Will show to prove it." Dkt. No. 30. The plaintiff's brother requests a continuance of more than twenty-one days "to come to an agreement or decision." Id. An individual appearing before this court may not be represented by a person who is not an attorney. 28 U.S.C. §1654 (requiring litigants to conduct their own cases personally or by counsel). There is no exception for people who hold a party's power of attorney; a power of attorney does not allow the holder to practice law or to represent a "*pro se*" party in federal court. See, e.g., Johnson v. Bank One N.A., 90 Fed. App'x 956, 957 (7th Cir. 2004) (citing Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986) (per curiam)). See also Williams v. United States, 477 Fed. App'x 9, 11 (3d Cir. 2012); Estate of Keatinge v. Biddle, 316 F.3d 7, 14 (1st Cir. 2002) ("the holder of a power of attorney is not authorized to appear pro se on behalf of the grantor.") Powerserve Int'l, Inc. v. Lavi, 23 F.3d 508, 514

2

(2d Cir. 2001); Perry v. Stout, 20 Fed App'x 780, 782 (10th Cir. 2001). For this reason, the plaintiff's brother may not file motions or pleadings for him, or represent him in federal court.

Briefing schedules are laid out in Civil Local Rules 7 and 56 (E.D. Wis.). The court expects parties to comply with the procedures and dates specified in the rules without court involvement. Under the circumstances, however, the court will grant the plaintiff additional time—until November 4, 2016—to respond to defendant Felomi's motion to dismiss. Failure to respond by that date may result in dismissal of this case for failure to prosecute.

The court **ORDERS** that that this case will be dismissed with prejudice for lack of prosecution effective **November 4, 2016**, pursuant to Civil Local Rule 41(c) (E.D. Wis.) and Federal Rule of Civil Procedure 41(b), ***unless***, prior to that date, the court receives from the plaintiff a response to defendant Felomi's motion or an explanation of his failure to respond to that motion.

The court also **ORDERS** that the plaintiff correctly identify the person he refers to as Alex Felomi as "Alex Folami," and directs the Clerk's Office to correct the docket accordingly.

Dated in Milwaukee, Wisconsin this 4th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge