**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JUAN HERNANDEZ,**

                Plaintiff,

v.                              **Case No. 16-cv-78-pp**

**ALEX FOLAMI,**
**RN REBECCA, AND**
**UNKNOWN MEDICAL ADMINISTRATOR,**

                Defendants.

---

**DECISION AND ORDER CONVERTING DEFENDANT FOLAMI'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT (DKT. NO. 24), AND GRANTING PLAINTIFF ADDITIONAL TIME UNTIL FEBRUARY 21, 2017, TO SUPPLEMENT HIS RESPONSE TO DEFENDANT FOLAMI'S MOTION FOR SUMMARY JUDGMENT OR TO ADVISE THE COURT IF HE WOULD LIKE TO PROCEED ON A CLAIM UNDER THE FEDERAL TORT CLAIMS ACT AGAINST THE UNITED STATES BASED ON HIS ALLEGATIONS AGAINST DEFENDANT FOLAMI**

---

      The plaintiff, Juan Hernandez, currently resides in Mexico. When he filed this lawsuit on January 20, 2016, he was confined at the Kenosha County Detention Center. Dkt. No 1. The complaint alleged that the defendants acted with deliberate indifference to his serious medical needs in that they failed to provide him with proper dental care.

      On August 3, 2016, defendant Alex Folami filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 24. He contends that the Public Health Services Act, 42 U.S.C. §233(a), forecloses the

1

plaintiff's claim against him in his personal capacity, because Folami was a Public Health Service employee during the relevant period. Dkt. No. 25 at 2, 5.

The plaintiff filed several documents after defendant Folami filed his motion to dismiss. Dkt. No. 34, 35, 36. These filings do not directly address Folami's contention that §233(a) bars the plaintiff's claim against him in his individual capacity based on his status as a Public Health Service employee. Rather, the plaintiff states only that he would like to pursue his claims and that he has proof to support his allegations. Dkt. No. 34. He also questions the need for courts if officials are going to be immune for their unlawful actions. Dkt. No. 35. Finally, the plaintiff filed a cover page along with eighteen pages of his "evidence" for this case. Dkt. No. 36.

**I.     Motion to Dismiss Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). Second, the allegations in the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." Id. at 776 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff,

accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

**II.     Discussion**

In Hui v. Castenada, 559 U.S. 799, 806 (2010), the Supreme Court held that 42 U.S.C. §233(a) "grants absolute immunity to [United States Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Under §233, if a plaintiff alleges that a federal Public Health Service employee harmed him while acting within the scope of the employee's employment, the plaintiff may sue only the United States, and only under the Federal Tort Claims Act. Id. at 806-07.

The plaintiff here does not allege that defendant Folami was a Public Health Service employee. Rather, defendant Folami included with his motion to dismiss a declaration establishing that he was a Public Health Service employee during the period relevant to the complaint. Dkt. No. 25-2. A defendant may prove the scope of his employment in §233(a) cases by submitting a declaration affirming that he was a Public Health Service official during the relevant period. Id. at 811. Folami's proof (his declaration) is evidence that appears to foreclose the plaintiff's claim against him in his individual capacity under §233(a). (As noted above, the plaintiff still could pursue this claim against the United States under the Federal Tort Claims Act.)

3

Because, however, Falomi asks the court to rely on evidence outside of the pleadings—Falomi's declaration—in support of his Rule 12(b)(6) motion, the court must convert that motion to a motion for summary judgment, and must give the parties a "reasonable opportunity to present all the material that is pertinent" to such a motion. Fed. R. Civ. P. 12(d); <u>Miller v. Herman</u>, 600 F.3d 726, 733 (7th Cir. 2010).

It is doubtful that the plaintiff can offer any material to dispute Folami's declaration that Falomi was a Public Health Service official during the relevant period. Because Folami submitted evidence outside of the pleadings, however, the Federal Rules of Civil Procedure and pertinent case law require the court to convert the motion to dismiss into a motion for summary judgment and to allow the plaintiff an opportunity to submit any additional material.

The court will convert defendant Folami's motion to dismiss into a motion for summary judgment. The court will give the plaintiff additional time to supplement his response to defendant Folami's motion for summary judgment. If the plaintiff does not submit evidence showing that Folami was not a Public Health Service official during the relevant period, the court will have to grant Falomi's motion. If the plaintiff cannot rebut Folami's declaration that Folami was a Public Health Service official during the relevant period, the court will allow the plaintiff to proceed against the United States on a claim under the Federal Tort Claims Act, based on his allegations against Folami. The plaintiff should advise the court if that is what he wants to do.

The court **CONVERTS** defendant Folami's motion to dismiss into a motion for summary judgment. Dkt. No. 24.

The court **ORDERS** that by the end of the day on **February 21, 2017**, the plaintiff shall supplement his response to defendant Folami's motion for summary judgment, **OR** advise the court if he would like to proceed on a claim under the Federal Tort Claims Act against the United States based on his allegations against defendant Folami.

Dated in Milwaukee, Wisconsin this 1st day of February, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**